Aileen M. Hunter, California Bar No. 253162
aileen.hunter@bclplaw.com
Kristin S. Webb, California Bar No. 258476
kristin.webb@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1920 Main Street, Ste. 1000
Irvine, California 92614-7276
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| AUDREY KRAMER, PRO PER,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; KENT F. LARSEN, ESQ.; SMITH LARSEN & WIXOM; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 4:21-cv-04266-PJH<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[Fed. R. Civ. P. 12(b)(3); Fed. R. Civ. P. 12(b)(6)]**<br><br>[Filed concurrently with Request for Judicial Notice and [Proposed] Order]<br><br>Hon. Phyllis J. Hamilton<br><br>Date: August 26, 2021<br>Time: 1:30 p.m.<br>Courtroom: 3 |

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614

**TO PLAINTIFF AUDREY KRAMER:**

**PLEASE TAKE NOTICE** that, on August 26, 2021 at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 3 of the above-referenced court, located at 1301 Clay Street, Oakland, CA 94612, Defendant, JPMORGAN CHASE BANK, N.A. ("Chase" or "Defendant"), will and hereby does move the Court for an Order Dismissing the Complaint for Damages ("Complaint") of Plaintiff Audrey Kramer ("Plaintiff").

This Motion is made pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and is based on the grounds that the allegations set forth in the Complaint shall be dismissed for improper venue.

This Motion is further made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and is based on the grounds that the allegations set forth in the Complaint fail to state a cause of action for which relief may be granted.

Plaintiff's first cause of action for "Independent Action for Relief From Judgment to Remedy Fraud Upon The Court Under Fed. R. Civ. P. 60 (d)(3)" fails to state a claim against Defendant upon which relief can be granted because Plaintiff does not plead sufficient facts to support any cognizable legal theory. Fed. R. Civ. P. 12(b)(6).

Plaintiff's second cause of action for "Extrinsic/Intrinsic Fraud" fails to state a claim against Defendant upon which relief can be granted because Plaintiff does not plead sufficient facts to support any cognizable legal theory. Fed. R. Civ. P. 12(b)(6).

Plaintiff's third cause of action for "Damages" fails to state a claim against Defendant upon which relief can be granted because Plaintiff does not plead sufficient facts to support any cognizable legal theory. Fed. R. Civ. P. 12(b)(6).

This Motion is based upon this Notice of Motion and Motion to Dismiss, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, and all other matters that the Court may consider, including the oral argument of

counsel.

Dated: July 8, 2021

Aileen M. Hunter
Kristin S. Webb
**BRYAN CAVE LEIGHTON PAISNER LLP**

By: <u>*/s/ Kristin S. Webb*</u>
Kristin S. Webb
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Audrey Kramer ("Plaintiff") filed her complaint in this action in an attempt to forum shop a more favorable outcome than what she received in her previously filed lawsuit in the United States District Court, District of Nevada. In the Nevada Action, the court entered judgment in favor of Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"). That action centered on the foreclosure of Plaintiff's property located in Fernley, Nevada. Plaintiff already appealed the judgment in the Nevada Action and lost. She then filed a motion for relief from judgment under Federal Rule 60(b) and (d). The Nevada Court denied her motion, finding that Plaintiff's motion was untimely under Rule 60(b) and that Plaintiff failed to show any basis for relief based on fraud under Rule 60 (d). Her appeal of that order is currently pending before the Ninth Circuit Court of Appeals.

Plaintiff's complaint in this case should be dismissed with prejudice for several reasons. First, dismissal is proper based on improper venue. The alleged conduct at issue occurred in Nevada District Court. Additionally, the underlying facts involve real property located in Nevada. This Court is not the proper venue to adjudicate this case.

Second, Plaintiff's independent claim for relief under Rule 60(d) fails because Plaintiff already sought this relief in the Nevada Action. She also cannot show any conduct rising to the level of egregious fraud upon the Court to warrant relief from judgment. Last, she cannot maintain an independent cause of action for damages. For these reasons, this Court should dismiss Plaintiff's complaint with prejudice

## II. PROCEDURAL BACKGROUND

On January 2, 2018, Plaintiff and her husband filed a lawsuit against Chase in United States District Court, District of Nevada seeking to prevent the non-judicial foreclosure sale of the property located at 1740 Autumn Glen Street, Fernley,

Nevada 89408, Case No. 3:18-cv-00001 (the "Nevada Case") (Request for Judicial Notice ("RJN"), Ex. 1 (ECF 1)). Chase filed a motion to dismiss on March 6, 2018 (RJN, Ex. 2 (ECF 17)). The Nevada District Court granted Chase's motion to dismiss with prejudice on May 17, 2018, noting that amendment would be futile because Plaintiffs were judicially estopped from asserting any claims against Chase.[1] (RJN, Ex. 3 (ECF 71)). The Nevada Court entered judgment in favor of Chase on the same day. (RJN, Ex. 4 (ECF 72)).

Plaintiffs filed a notice of appeal on May 23, 2018. (RJN, Ex. 5 (ECF 74)). On May 29, 2019, the Ninth Circuit affirmed the judgment entered in favor of Chase. (RJN, Ex. 6 (ECF 80)). On December 23, 2019, Plaintiffs filed a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b) and (d). (RJN, Ex. 7 (ECF 84)). On December 27, 2019, the Nevada Court issued a minute order denying Plaintiffs' Rule 60 motion. (RJN, Ex. 8 (ECF 86)). In its order, the Nevada Court denied Plaintiffs' motion under Rule 60(b) because Plaintiffs filed the motion more than one year after entry of judgment. (*Id.*) The Nevada Court also denied Plaintiffs' motion under Rule 60 (d) because Plaintiffs failed to set forth a valid reason for relief under Rule 60(d). (*Id.*)

On January 21, 2020, Plaintiffs filed a notice of appeal of the order denying relief from judgment under Rule 60(b) and (d). (RJN, Ex. 9, (ECF 87)). The appeal is still pending before the Ninth Circuit.

On June 3, 2021, Plaintiff Audrey Kramer filed this instant action in United States District Court, Northern District of California, in hopes of reaching a different result with respect to her Rule 60(d) motion.

## III. LEGAL STANDARD

### A. Legal Standard Under Federal Rule Civil Procedure Rule 12(b)(3)

---

[1] The Nevada District Court held Plaintiffs were judicially estopped from asserting any claims against the defendants because Plaintiffs failed to provide notice of their claims during their bankruptcy proceedings. (ECF 71).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Venue is proper only in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). "Venue under 28 U.S.C. § 1391 usually respects defendants' interests." *Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1036 (7th Cir. 2000). It is the plaintiff's burden to establish whether venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979).

If a plaintiff commences an action in the wrong district or division, a federal court will, upon timely motion, dismiss the action for improper venue or transfer the case to any district of division where it could have been brought. 28 U.S.C. § 1406(a); *see District No. 1, Pacific Coast Dist., M.E.B.A. v. State of Alaska*, 682 F.2d 797, 798-99 (9th Cir. 1982). Transfer is only appropriate if it would be in the interest of justice. In deciding whether to transfer rather than dismiss a case, the court will consider the equities of the case, including the following: (1) judicial economy and whether another action would necessarily be filed; (2) the bar of the statute of limitations and whether, because of the statute of limitations, dismissal is overly harsh; and (3) the relative injustice imposed on plaintiff and defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

### B. Legal Standard Under Federal Rule Civil Procedure Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and further citations omitted). Although the Court takes all material allegations as true and construes them in the

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614

1  light most favorable to the plaintiff, the Court need not accept legal conclusions,
2  including "threadbare recitals of the elements of a cause of action, supported by
3  mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at
4  555).

5  "Dismissal can be based on the lack of a cognizable legal theory or the
6  absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*
7  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must proffer
8  "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v.*
9  *Iqbal*, 556 U.S. 662, 678 (2009). The allegations made in a complaint must be
10 "sufficient allegations of underlying facts to give fair notice and to enable the
11 opposing party to defend itself effectively" and "must plausibly suggest an
12 entitlement to relief" such that "it is not unfair to require the opposing party to be
13 subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652
14 F.3d 1202, 1216 (9th Cir. 2011).

15 Finally, in ruling on a motion to dismiss, a court may consider matter subject
16 to judicial notice. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016,
17 n.9 (9th Cir. 2012); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049,
18 1061 (9th Cir. 2008).

## IV. ARGUMENT

### A. Plaintiff's Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(3) For Improper Venue.

Plaintiff baldly alleges, "Venue is proper in this court because the fraud committed by the Defendants was practiced in [sic] United States district and the injuries occasioned by the fraud were suffered in this district by named Plaintiff. (Compl. ¶ 8.) Although somewhat vague, it appears Plaintiff is asserting proper venue under 28 U.S.C. § 1391(b)(2).

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in a district where a

"substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  In determining whether venue is proper under 28 U.S.C. § 1391(b)(2), only those events and omissions that directly give rise to the claim are relevant. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) (the court looks to "only those acts and omissions that have a close nexus to the wrong"). In identifying the district or districts where "a substantial part of the events or omissions" took place, courts will first, examine the nature of plaintiff's claims and the acts or omissions underlying those claims; and second, determine whether substantial events material to those claims occurred in the forum district. *Employers Mutual Casualty Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010).

Here, Plaintiff cannot establish that venue is proper in the Northern District of California because none of the events giving rise to the claims in the Complaint occurred in this district.  Plaintiff's entire Complaint is predicated upon Defendant's alleged fraud perpetrated on the Nevada District Court during the pendency of the Nevada Case, namely evidence proffered by the defendants in that action.  (*See, e.g.*, Compl. ¶¶ 18-24, 29-36, 38-44, 46.)  All of these alleged events and/or omissions occurred in the District Court in Nevada. (*Id.*)  None of the conduct giving rise to the claims occurred in California.  (*Id.*)

Moreover, dismissal of this case is proper.  It would not be "in the interest of justice" to transfer this case to Nevada District Court.  *See* 28 U.S.C. § 1406(a). Plaintiff's Rule 60 motion and the subsequent appeal of the Order denying her Rule 60 motion are substantially similar to the instant action.  Plaintiff should be bound by the forthcoming Ninth Circuit Opinion, rather than forum shopping for a different result. Justice would not be served by forcing Chase to litigate these same issues for a second time.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463 at 466.

Venue is not proper in the Northern District of California.  This Court should

dismiss the matter.

### B. Alternatively, Plaintiff's Claims Fail Under Fed. R. Civ. P. 12(b)(6)

#### a. Plaintiff's First Claim for Independent Action For Relief From Judgment Under Fed. R. Civ. P. 60 (d)(3) Fails.

Generally, a party seeking equitable relief through an independent action must show: (1) they have no other available or adequate remedy; (2) the movant's own fault, neglect, or carelessness did not create the situation for which equitable relief is sought; *and* (3) a recognized ground, such as fraud, accident or mistake, for equitable relief. *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.,* 117 F.3d 655, 662 (2d Cir. 1997). When analyzing available remedies for the party seeking relief, a court will look to remedies at law the party currently has or has had. *Id*.

Furthermore, an independent action under the savings clause in Rule 60(d) is available only to "prevent *a grave miscarriage of justice.*" *United States v. Beggarly*, 524 U.S. 38, 46 (1998) (injustices deemed "sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata.") "It is fundamental that equity will not grant relief if the complaining party 'has, or be exercising proper diligence would have had, an adequate remedy at law, or by proceeding in the original action…to open, vacate, modify, or otherwise obtain relief against, the judgment.'" *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 71 (2d Cir. 1990) (citing *Winfield Assoc., Inc. v. W.L. Stonecipher*, 429 F.2d 1087, 1090 (10th Cir. 1970).

Here, Plaintiff cannot meet a single element. Plaintiff already filed a Rule 60(b) and 60(d) motion in the Nevada Action. The post-judgment procedures she utilized in the Nevada Action constitute an adequate remedy available to Plaintiff. Under *Cresswell* and *Campaniello*, Plaintiff already took advantage of the remedies offered by Rule 60(b)(3) and (d); she may not now seek relief in equity.

Moreover, Plaintiff failed to properly plead a claim for fraud as discussed below. "The type of fraud necessary to sustain an independent action attacking the

finality of a judgment is narrower in scope that that which is sufficient for relief by timely motion." *Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir. 1988). As discussed below, Plaintiff fails to meet the pleading requirement for even common law fraud, let alone the more stringent criteria for the type of fraud necessary to sustain an independent action under the Rule 60(d) "savings clause." *See Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.,* 117 F.3d 655 at 663.

### b. Plaintiff's Second Claim for Extrinsic/Intrinsic Fraud Fails.

In support of her fraud claim, Plaintiff alleges, "On or about 4/10/2018, Mr. Kent Larsen…and JPMorgan Chase Bank, N.A…intentionally, willfully and knowing misrepresented to the United States District Court that Washington Mutual Bank assigned JPMorgan Chase Bank rights under the Revolving Line of Credit which was executed between Plaintiff and Washington Mutual." (Compl. ¶ 40.) She claims this conduct constitutes "fraud upon the court." (Compl. ¶ 29.) This is the sole basis for Plaintiff's fraud claim.

"Fraud upon the court" such as may warrant relief from judgment embraces only that species of fraud which does, or attempts to, defile the court itself, or is fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases. *Kupferman v. Consolidated Research & Mfg. Corp.*, 53 F.R.D. 387 (S.D.N.Y. 1971), affirmed 459 F.2d 1072 (2d Cir. 1972). The phrase "fraud on the court," for purposes of this rule relating to motions for relief from final judgment, is generally limited to egregious conduct attacking judicial machinery itself, such as bribing judge. *U.S. ex rel. Bonner v. Warden, Stateville Correctional Center*, 78 F.R.D. 344 (N.D. Ill. 1978).

Plaintiff fails to allege conduct rising to the level of a "fraud upon the court" under the savings clause in Rule 60(d). The Nevada Court examined the assignment of deed of trust and was capable of determining the validity of the document. Moreover, the Nevada Court based its dismissal of the Nevada Action on the doctrine

9

of judicial estoppel. It was Plaintiff's own admissions within the bankruptcy cases that prevented the Nevada Action from proceeding. (RJN, Ex. 3.) There was certainly no "egregious" conduct involved in the Nevada Action. Plaintiff is therefore not entitled to relief from judgment based on fraud.

### c. Plaintiff's Third Claim for Damages Fails.

Plaintiff alleges she is entitled to punitive damages for the alleged fraud committed upon the court in the Nevada Action. (Compl. ¶ 46.) This claim fails because Plaintiff's claim for punitive damages is not an independent cause of action. *See Ismail v. County of Orange*, 917 F.Supp.26 1060, 1073 (C.D. Cal 2012).

## V. CONCLUSION

For the foregoing reasons, Chase respectfully requests that this Court grant its Motion to Dismiss under Rule 12(b)(6) and 12(b)(3) with prejudice.

Dated: July 8, 2021

Aileen M. Hunter
Kristin S. Webb
**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Kristin S. Webb*
Kristin S. Webb
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.