**LEWIS BRISBOIS BISGAARD & SMITH** LLP
ALEX A. GRAFT, SB# 239647
  E-Mail: Alex.Graft@lewisbrisbois.com
KENDALL A. LAYNE, SB# 99859
  E-Mail: Kendall.Layne@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendants Kent F. Larsen Esq. and
Smith Larsen & Wixom, Chartered (incorrectly
sued as Smith Larsen & Wixom)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| AUDREY KRAMER, | Case No. 4:21-CV-04266-PJH |
| Plaintiff, | Date: October 7, 2021<br>Time: 1:30 p.m.<br>Courtroom: 3, Oakland Courthouse |
| vs. | Judge: Hon. Phillis J. Hamilton |
| JPMORGAN CHASE BANK, N.A., KENT F. LARSEN ESQ., SMITH LARSEN & WIXOM, AND DOES 1 THROUGH 25 INCLUSIVE, | **NOTICE OF MOTION AND MOTION BY DEFENDANTS KENT F. LARSEN AND SMITH LARSEN & WIXOM, CHARTERED TO TRANSFER CASE TO DISTRICT OF NEVADA, OR DISMISS FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, OR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| Defendants. | Trial Date: None Set |

NOTICE OF MOTION AND MOTION...........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................1

   I.  STATEMENT OF THE ISSUES TO BE DECIDED .................................2

   II.  STATEMENT OF RELEVANT FACTS ...................................................3

      A.  Background and Procedural History of the Nevada Federal Case ...............3

      B.  Facts Relevant to Venue ...........................................................................4

      C.  Facts Relevant to Personal Jurisdiction ....................................................4

      D.  Facts Relevant to Failure to State a Claim Upon Which Relief can be Granted ........5

   III.  LAW AND ARGUMENT ..........................................................................6

      A.  When Venue is Laid in the Wrong District, Court Must Transfer or Dismiss ...............6

        1.  Venue is improper in the Northern District of California .............................6

        2.  Venue is proper in the District of Nevada ....................................................7

      B.  Lack of Personal Jurisdiction can be Cured by Transfer in Interest of Justice .............7

      C.  If No Transfer under § 1406, Transfer Under § 1404 Would be Proper ........................8

      D.  Case Must be Dismissed for Lack of Personal Jurisdiction if No Transfer ..................10

      E.  Dismissal Also Appropriate for Failure to State a Claim.................................12

        1.  Motion to Dismiss Standard..................................................................12

        2.  Case Must be Dismissed for Failure to State a Claim ..................................13

   IV.  CONCLUSION .........................................................................................17



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4826-8979-6596.1

ii

Case No. 4:21-CV-04266-PJH

MOTION OF DEFENDANTS LARSEN AND SMITH, LARSEN & WIXOM TO TRANSFER OR DISMISS

1

2 **TABLE OF AUTHORITIES**

3 **Page**

4 CASES

5 *Ashcroft v. Iqbal*,
6 556 U.S. 662, 678 (2009) ........................................................................... 12

7 *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047, 1055 ..................................................................................... 13

8 *Caviness v. Horizon Cmty. Learning Ctr., Inc.*,
9 590 F.3d 806, 812 (9th Cir. 2010) ............................................................. 13

10 *Chan v. Society Expeditions, Inc.*,
39 F.3d 1398, 1404-05 (9th Cir. 1994) ........................................................ 7

11 *Chen v. Pioneer Oil, LLC*,
472 F. Supp. 3d 704, 710 (N.D. Cal. 2020) ................................................. 9
12

13 *CollegeSource, Inc. v. AcademyOne, Inc.*,
653 F.3d 1066, 1074 (9th Cir. 2011) .......................................................... 11

14 *Conservation Force v. Salazar*,
15 646 F.3d 1240, 1241-42 (9th Cir. 2011) ..................................................... 12

16 *Cresswell v. Sullivan & Cromwell*,
922 F.2d 60, 71 (2d Cir. 1990) ................................................................... 14

17 *Daimler AG v. Bauman*,
18 571 U.S. 117, 122 (2014) ............................................................................ 11

19 *Decker Coal Co. v. Commonwealth Edison Co.*
805 F.2d 834, 843 (9th Cir. 1986) ................................................................ 8

20 *DelphixCorp. v. Embarcadero Techs., Inc.*,
749 Fed. App'x 502, 505 (9th Cir. 2018) ................................................... 11
21

22 *Doe v. Unocal Corp.*,
248 F.3d 915, 922 (9th Cir. 2001) .............................................................. 10

23 *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*,
24 905 F.3d 597, 602 (9th Cir. 2018) .............................................................. 10

*Global Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*,
25 972 F.3d 1101, 1107 (9th Cir. 2020) ........................................................... 12

26 *Goldlawr, Inc. v. Heiman*,
369 U.S. 463, 8 L. Ed. 2d 39, 82 S. Ct. 913 (1962) ..................................... 7
27

*Goodyear Dunlop Tires Op., S.A. v. Brown*,
28 564 U.S. 915, 919 (2011) ....................................................................... 10, 11


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Gro Master, Inc. v. Farmweld, Inc.*,
920 F.Supp.2d 974, 991 (N.D. Iowa 2013). .................................................... 9

*Gulf Oil Corp. v. Gilbert*,
 330 U.S. 501, 508 (1947) .................................................................................. 8

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
328 F.3d 1122, 1130 (9th Cir. 2003) ............................................................... 10

*Hawkins v. Gerber Prods. Co.*,
924 F.Supp.2d 1208, 1215 (S.D. Cal. 2013). ................................................. 10

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*,
322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 125 (1944) ....................................... 14

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*,
485 F.3d 450, 460 (9th Cir. 2007) ................................................................... 12

*Ismail v. County of Orange*, 917
F.Supp.26 1060, 1073 (C.D. Cal 2012 .......................................................... 17

*J.A.A. v. Rawlings Co., LLC* ,
2019 U.S. Dist. LEXIS 196028, 2019 WL 5889082 ........................................ 7

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495, 498-499 (9th Cir. 2000) .............................................................. 8

*Kawamoto v. CB Richard Ellis, Inc.*,
225 F. Supp. 2d 1209 .......................................................................................... 7

*Kupferman v. Consolidated Research & Mfg. Corp.*,
53 F.R.D. 387 (S.D.N.Y. 1971), (2d Cir. 1972) .............................................. 16

*Lou v. Belzberg*,
834 F.2d 730, 739 (9th Cir. 1987). .................................................................... 9

*Martinez v. Aero Caribbean*,
764 F.3d 1062, 1070 (9th Cir. 2014) ............................................................... 11

*Morrill v. Scott Fin. Corp.*,
873 F.3d 1136, 1151 (9th Cir. 2017). ............................................................... 12

*Navarro v. Block*,
250 F.3d 729, 732 (9th Cir. 2001) ................................................................... 12

*Nelson v. Int'l Paint Co.*,
716 F.2d 640, 643 n.4 (9th Cir. 1983) ............................................................... 7

*Pacific Coast Dist., M.E.B.A. v. Alaska*,
682 F.2d 797, 799 (9th Cir. 1982 ...................................................................... 7

*Park v. Dole Fresh Vegetables, Inc.* ,
964 F.Supp.2d 1088, 1094 (N.D. Cal. 2013) .................................................... 9

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Pebble Beach Co. v. Caddy,*
453 F.3d 1151, 1154 (9th Cir. 2006)......................................................................... 10

*Piedmont Label Co. v. Sun Garden Packing Co.,*
598 F.2d 491, 496 (9th Cir. 1979).............................................................................. 6

*Pumphrey v. K.W. Thompson Tool Co.,*
62 F.3d 1128, 1131 (9th Cir. 1995).......................................................................... 16

*Ranza v. Nike, Inc.,*
793 F.3d 1059, 1069 (9th Cir. 2015) ....................................................................... 11

*Schwarzenegger v. Fred Martin Motor Co.,*
374 F.3d 797, 801 (9th Cir. 2004) ........................................................................... 11

*Sher v. Johnson,*
911 F.2d 1357, 1361 (9th Cir. 1990 ......................................................................... 11

*Stewart Org. v. Ricoh Corp.,*
487 U.S. 22, 29, 101 L. Ed. 2d 22, 108 S. Ct. 2239 ................................................. 8

*Sutain v. Shapiro & Lieberman,*
678 F.2d 115, 116 (9th Cir. 1982) ............................................................................. 7

*Tatung Co. v. Shu Tze Hsu,*
43 F. Supp. 3d 1036, 1047-48 (C.D. Cal. 2014) ..................................................... 10

*Toscano v. Commissioner,*
441 F.2d 930, at 935 (9th Cir. 1971) ...................................................................... 14

*United States v. Beggarly,*
 524 U.S. 38, 46 (1998) ............................................................................................ 14

*U.S. ex rel. Bonner v. Warden, Stateville Correctional Center,*
78 F.R.D. 344 (N.D. Ill. 1978); .............................................................................. 16

*Vess v. Ciba-Geigy Corp.*
317 F.3d 1097, 1106 (9th Cir. 2003) ...................................................................... 13

*Williams v. Bowman,*
157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001) ............................................................ 9

*Winfield Associates, Inc. v. Stonecipher,*
429 F.2d 1087, 1090 (10th Cir. 1970),.................................................................... 14

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on October 7, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 3 on the 3rd floor of the United States Courthouse, located at 1301 Clay St., Oakland, California, Defendants Kent F. Larsen and Smith Larsen & Wixom, Chartered (incorrectly sued as Smith, Larsen & Wixom, hereinafter "Smith Larsen & Wixom") (collectively, "moving Defendants") will, and hereby do, move for an order transferring this case to the District of Nevada, where venue is proper and the Court may properly assert personal jurisdiction over the moving Defendants; or alternatively, dismissing the action as against the moving Defendants, either on the ground that venue is improper and transfer is not in the interest of justice, or on the ground that the Court does not have, and cannot properly acquire, personal jurisdiction over the moving Defendants, because they do not have the constitutionally required minimum contacts with the state of California, or under Rule 12(b)(6), on the ground that Plaintiff has failed to plausibly state a claim upon which relief can be granted against the moving Defendants. This motion is made and based on this notice of motion and motion, the included Memorandum of Points and Authorities, the Declaration of Kent F. Larsen in Support, moving Defendants Notice of Pendency of Other Action or Proceeding, Plaintiff's Complaint (Doc 1) and all of the other pleadings and documents filed in this action, and any arguments that may be presented at a hearing on the motion.

The relief sought is an order transferring the case to the District Court for the District of Nevada based on improper venue, under either 28 U.S.C. section 1406 or 28 U.S.C. section 1404, or alternatively, dismissing the case under section 1406 and Rule 12 (b) (3); or dismissing the case under Rule 12(b)(2) for lack of personal jurisdiction over the moving Defendants; or dismissing the case under Rule 12(b)(6) for failure to plausibly state a claim upon which relief can be granted against the moving Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES

This case is primarily a collateral attack on a judgment entered in a previous case filed in the District of Nevada, and an attempt to continue litigating matters, most if not all of which have already been determined by that judgment entered in a previous action filed by Plaintiff Audrey


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Kramer ("Plaintiff") and her husband Leo Kramer in the District of Nevada, *Leo Kramer, Audrey Kramer, Plaintiffs v. JPMORGAN CHASE BANK, N.A. et al*, Case No. 3:18-cv-00001 (the "Nevada Federal Case"). The judgment in that case was affirmed on appeal by the Ninth Circuit Court of Appeals, after which, the Kramers moved for relief from the judgment, which was denied by the District Court for the District of Nevada. The Kramers appealed the denial of relief from the judgment, and that fully briefed appeal is and will remain pending, until the Ninth Circuit issues its decision.

The present action, in which the pro per Plaintiff seeks relief from the judgment entered in the Nevada Federal Case based on alleged fraud upon the Nevada District Court, and damages purportedly flowing therefrom, was brought in the wrong district, and must either be transferred to the District of Nevada, where it could have been commenced (disregarding for purposes of venue analysis the complete lack of merit in the complaint), or dismissed. Alternatively, the action should be dismissed for lack of personal jurisdiction over the moving Defendants, a Nevada attorney and the Nevada law firm he is a principal and shareholder of, neither of whom have the requisite minimum contacts with the state of California necessary to subject them to personal jurisdiction in California; or the action should be dismissed for failure to state a claim.

## I. <u>STATEMENT OF THE ISSUES TO BE DECIDED</u>

A. Is venue proper in the Northern District of California under 28 U.S.C. section 1391?

B. Is venue proper in the District of Nevada under section 1391 (b)(2)?

C. Do the interests of justice require transfer of the case to the District of Nevada, where it could have been brought, and the court will have personal jurisdiction over all Defendants, or should the case be dismissed under Rule 12(b)(3) or 28 U.S.C. section 1406 on the ground of improper venue?

D. If the Court does not determine that the case must be transferred or dismissed based on improper venue, should the case be transferred to the District of Nevada under 28 U.S.C. section 1404 based on the convenience of the witnesses and other pertinent factors considered?

E. If the Court is not inclined to transfer the case under either section 1406 or 1404, do the moving Defendants Kent F. Larsen (hereafter "Attorney Larsen") and Smith Larsen & Wixom

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

have sufficient minimum contacts with the state of California to support the exercise of personal jurisdiction over them in the instant case in this Court in California, or should the case be dismissed as against them pursuant to Rule 12 (b)(2) for lack of personal jurisdiction?

F. If the Court is not inclined to transfer the case, and does not conclude that it should be dismissed against the moving Defendants for lack of personal jurisdiction, does the Complaint state a cause of action upon which relief can be granted against the moving Defendants, or must it be dismissed pursuant to Rule 12(b)(6)?

## II. <u>STATEMENT OF RELEVANT FACTS</u>

### A. <u>Background and Procedural History of the Nevada Federal Case</u>

This action is an attempt to vacate a judgment (based on alleged fraud upon the court) entered in a case brought in the District of Nevada by Plaintiff and her husband against JPMorgan Chase Bank NA ("Chase," also a Defendant in this case), styled *Leo Kramer and Audrey Kramer v JPMorgan Chase Bank, N.A., et al.*, Case No.3:18-cv-00001-MMD-WGC ("Nevada Federal Case"), arising out of a non-judicial foreclosure on property owned by them in Nevada, in which Attorney Larsen and Smith Larsen & Wixom were counsel for Chase. (Declaration of Kent F. Larsen In Support Of Defendants Kent F. Larsen and Smith Larsen & Wixom's Motion To Transfer Or Dismiss, "Larsen Declaration," ¶ 18, 19, 20.) On or about May 17, 2018, Chief Judge Miranda M. Du of the United States District Court, District of Nevada, issued a decision in favor of Chase and against Plaintiff and Leo Kramer on the claims asserted in the Nevada Federal Case, and a judgment was entered by the Court. (Larsen Declaration, ¶ 21.)

Plaintiff and Leo Kramer appealed from the May 17, 2018 decision of Judge Du, the Ninth Circuit Court of Appeals matter was assigned Case No. 18-15959, the Ninth Circuit affirmed Judge Du's decision, and on October 22, 2019, the Ninth Circuit issued its mandate. (Larsen Declaration, ¶ 22, 23, 24.) On December 23, 2019, the Kramers filed a "Motion For Relief From Judgment Pursuant to Fed. R. Civ. P. 60(B)(6); 60(B)(1); 60(B)(2); 60(B)(3); 60(B)(4); 60(D)(1), and 60(D)(3)" in the Nevada District Court, and on December 27, 2019, Judge Du denied that motion to set aside judgment. (Larsen Declaration, ¶ 25, 26.) The Kramers appealed from Judge Du's denial of the Motion to Set Aside Judgment, and that appeal, Ninth Circuit Court of Appeals

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Case No. 20-15095 (in which moving Defendants continue to represent Chase), was fully briefed

2   by late December, 2020, and is still pending for decision by the Ninth Circuit Court of Appeals.

3   (Larsen Declaration, ¶ 27, 28.)

4       **B.  Facts Relevant to Venue**

5       Neither of the moving Defendants is a resident of California.  (Larsen Declaration, at ¶ 4-8,

6   ¶ 12-15.)  Furthermore, a substantial part of the property, to wit, all of it, that is the subject of this

7   action is situated in the District of Nevada.  (Larsen Declaration, ¶ 20; Doc 1, Complaint, at 7:3-

8   12; Doc 1-2, Ex. A to Plaintiff's Complaint, at p. 2, pp. 24-26; Doc 1-5, Ex D to Complaint, at p.

9   2, Ex. F to Complaint, pp. 10-16.)  Likewise, a substantial part, if not all, of the alleged events and

10  alleged omissions from which Plaintiff has pled the claims in this action arise occurred in the

11  judicial District of Nevada.  (Larsen Declaration, ¶ 18-28; Doc 1, Complaint filed June 3, 2021, at,

12  e.g., 2:14-24, 3:17-25, 4:13-20, 5:14-22, 5:26-6:2, 9:18-10:12.)

13      Plaintiff's allegation re: venue is ambiguous, uncertain and conclusory, not factual:

14      8. Venue is proper in this court because the fraud committed by the Defendants was
        practiced in United States district [sic] and the injuries occasioned by the fraud were
15      suffered in this district by named Plaintiff.

16  (Doc 1, Complaint, at 6:26-28.)

17      To the best of Attorney Larsen's knowledge, information and belief, except Plaintiff and

18  perhaps her husband, Leo Kramer, all of the witnesses (including Chief Judge Miranda M. Du) to

19  the alleged fraud on the Nevada District Court either reside in Nevada and/or conduct business

20  within the state of Nevada.  (Larsen Declaration, ¶ 32.)  It would be very burdensome, expensive

21  and inconvenient for Attorney Larsen to travel to San Francisco, California for purposes of this

22  action.  (Larsen Declaration, ¶ 31.)

23      **C.  Facts Relevant to Personal Jurisdiction**

24      Neither of the moving Defendants has ever owned real property in the state of California,

25  or had an account at a branch of any bank or other financial institution which branch was located

26  in the state of California, nor filed a California state tax return of any kind.  (Larsen Declaration, ¶

27  7, 8, 13, 14, 15.)  Attorney Larsen has never resided in the state of California, nor has he ever been

28  employed by any business based in (or conducting business from) the state of California, except in


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1988 - 1989, when he worked in the Arizona office of a firm that had its main office in Orange

County, doing litigation work in Arizona.  (Larsen Declaration, ¶ 12.)  Defendant Smith Larsen &

Wixom has never been qualified to do intra-state business in California, and has never had an

office outside of the state of Nevada.  (Larsen Declaration, ¶ 5, 6.)

Neither of the moving Defendants has ever solicited business from California, to the best

of Attorney Larsen's knowledge and recollection, nor engaged in any advertising targeted on or

directed to people in the state of California, nor ever invoked the benefits and protections of

California law by purposefully availing themselves of the privilege of conducting activities in

California, nor have they ever purposefully directed activities at residents of the state of

California, nor have they deliberately engaged in any significant activities in California.  (Larsen

Declaration, ¶ 9, 10.)  To the further best of Attorney Larsen's knowledge and recollection, neither

he nor any attorney employed with Smith Larsen & Wixom has appeared or acted as legal counsel

in any matters in the California courts (state or federal) in over twenty years (if ever).  Prior to this

action, neither he nor Smith Larsen & Wixom has ever appeared as a party to an action in any

California court (state or federal) either.  (Larsen Declaration, ¶ 11.)  Attorney Larsen has only

been present in California for business purposes on a sporadic and infrequent basis, for example to

attend oral argument in the Ninth Circuit on Nevada litigation, or to meet a Nevada client who

happened to be in Sacramento to get the client's original signature on some documents.  (Larsen

Declaration, ¶ 16.)  During the last ten years, he has only been in California for personal reasons

infrequently and briefly.  (Larsen Declaration, ¶ 17.)

The cause(s) of action asserted in Plaintiff's complaint in this action, if any are stated, do

not arise out of any contacts of Attorney Larsen or Smith Larsen & Wixom with California.

(Larsen Declaration, ¶ 30.)  Attorney Larsen is informed and believes that nothing that he or any

employee of Smith Larsen & Wixom did in connection with the Nevada Federal Case caused any

effects in the state of California.  (Larsen Declaration, ¶ 29.)

### D.  Facts Relevant to Failure to State a Claim Upon Which Relief can be Granted

In the Nevada Federal Case, Plaintiff has already litigated many of the matters alleged in

this action, and essentially seeks to collaterally attack the judgment of the Nevada District Court in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

that case in this action while the appeal from that court's denial of her motion to set aside the judgment is still pending in the Ninth Circuit. (Larsen Declaration, ¶ 18 - 28.) She has an adequate remedy, which is to await the decision of the Ninth Circuit. The allegations of fraud on the Nevada District Court are specious and contrary to the law and determinations made in the Nevada Federal Case. Plaintiff has not alleged that the relief she seeks is necessary to prevent a grave miscarriage of justice. (Complaint, Doc 1, *passim*.)

## III. LAW AND ARGUMENT

### A. When Venue is Laid in the Wrong District, Court Must Transfer or Dismiss

When venue is laid in the wrong District Court, and the defect is raised by a timely motion, as it has been here, the court the case was filed in must either dismiss or transfer the case:

> a)The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406 subdivision (a). "Plaintiff had the burden of showing that venue was properly laid in the Northern District of California." *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

Except as provided by other more specific venue statutes, proper venue for a civil action in the District Court is determined under 28 U.S.C. section 1391. In pertinent part, that section provides:

> (b)Venue in General.—A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

### 1. Venue is improper in the Northern District of California

Neither of the moving Defendants resides in the state of California. (Larsen Declaration, ¶ 12, 4-8.) Therefore, even if Defendant JPMorgan Chase Bank, NA ("Chase") was found to reside in the Northern District of California, venue in this Court would not be proper under 28 U.S.C.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

section 1391 subdivision (b) (1).[1]  Nor is venue proper in this court under section 1391 (b)(2), as the real property that is the subject of the action is not in this District, and a substantial part of the alleged events or omissions giving rise to the claim did <u>not</u> occur in this District.  (Larsen Declaration, ¶ 18, 19, 20, 21, 25, 26.)  In fact, no part of the alleged events or omissions occurred in this District.  (Doc 1, Complaint, *passim.*)

### 2.  Venue is proper in the District of Nevada

The proper venue for the case, if it survives Chase's pending motion to dismiss (Doc 5), is the District of Nevada, which is the judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred," and is also the judicial district where "a substantial part of property that is the subject of the action is situated;" the Northern District of California is not the proper venue under either branch of section 1391 (b) (2).  *Pacific Coast Dist., M.E.B.A. v. Alaska*, 682 F.2d 797, 799 (9th Cir. 1982); *Sutain v. Shapiro & Lieberman*, 678 F.2d 115, 116 (9th Cir. 1982).  Section 1391 (b)(3) does not apply, since the District of Nevada is the proper venue for this case under section 1391 (b)(2), *Pacific Coast*, supra, and *Sutain*, supra.

### B.  <u>Lack of Personal Jurisdiction can be Cured by Transfer in Interest of Justice</u>

As discussed in greater detail below, personal jurisdiction cannot be exercised over defendants who do not have minimum contacts with the forum state sufficient to meet federal due process limits under the 14th Amendment.  *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994).  However, a court transferring an action under section 1406(a) need not have personal jurisdiction over the defendant.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 8 L. Ed. 2d 39, 82 S. Ct. 913 (1962); *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 n.4 (9th Cir. 1983); *Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209 (D. Hawaii, 2002); *J.A.A. v. Rawlings Co., LLC* , 2019 U.S. Dist. LEXIS 196028, 2019 WL 5889082, *4 (W.D. Wash., Nov. 12, 2019) No. 2:19-cv-01036; see also, 28 U.S.C. § 1631 [transfer to proper court authorized to cure want of jurisdiction].

Transfer of the action to the District of Nevada in the interest of justice, instead of dismissal, would be appropriate, as venue is proper there under section 1391 (b)(2), and without

---

[1] Please also see Chase's points and authorities regarding improper venue in its Motion to Dismiss (Doc 5), at 4:24-5:18 and 6:19-8:1.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 violation of due process, that court can acquire personal jurisdiction over both of the moving

2 Defendants, as well as over the other Defendant, Chase (which is a party to the previous Nevada

3 Federal Case that is still pending in that court).

4 **C.  If No Transfer under § 1406, Transfer Under § 1404 Would be Proper**

5 If for any reason the Court does not agree that venue is improperly laid in the Northern

6 District of California, a discretionary transfer to the District of Nevada under 28 U.S.C. section

7 1404 would be appropriate.  28 U.S.C. section 1404 says, in pertinent part:

8 > (a) For the convenience of parties and witnesses, in the interest of justice, a district
> court may transfer any civil action to any other district or division where it might have
9 > been brought. . ..

10 "A court sitting in the district where the injury occurred and where the evidence is located

11 ordinarily will be the most efficient forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805

12 F.2d 834, 841 (9th Cir. 1986).  The Northern District of California is not that district.

13 There are various factors that may be considered in determining a motion to transfer for the

14 convenience of the parties and witnesses.  "To make this determination under Section 1404(a), a

15 court may consider" the factors set forth in the Ninth Circuit's decision in *Jones v. GNC*

16 *Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) in addition to "public" and "private" factors

17 set forth in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947) ; see *Decker Coal Co. v.*

18 *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (expounding on *Gulf Oil* factors).

19 The applicable factors, discussed in turn below, strongly point to the District of Nevada as the

20 proper district in which the case should be venued, not to the Northern District of California.

21 > For example, the court may consider: (1) the location where the relevant agreements were
> negotiated and executed, (2) the state that is most familiar with the governing law, (3) the
22 > plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the
> contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in
23 > the costs of litigation in the two forums, (7) the availability of compulsory process to
> compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources
24 > of proof.

25

26 *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000) [citing, in fn. 19, *Stewart*

27 *Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988) and *Lou v.*

28 *Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)].

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Paragraph 16 of the Deed of Trust (Ex. A to Complaint, Doc 1-2, at p. 12) says that it "shall be governed by federal law and the law of the jurisdiction in which the property is located." Since the property is located in Fernley, Nevada, in the District of Nevada, the Nevada District Court is in "the state that is most familiar with the [non-federal] governing law." Considering "(4) the respective parties' contacts with the forum," the moving Defendants have virtually no contacts with California, and many contacts with Nevada; Plaintiff has contacts in California, where she presently lives, but also purposefully had contacts with Nevada, in that she and her husband purchased real property there for a retirement home. Contacts with California relating to the Plaintiff's claims are non-existent, whereas there are numerous contacts with Nevada relating to the Plaintiff's claims.

Though generally a plaintiff's choice of forum is afforded substantial weight, the degree of deference is substantially diminished where the conduct giving rise to the claims occurred in a different forum. *Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1094 (N.D. Cal. 2013); *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration."). Moreover, if there is "any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." *Williams v. Bowman,* 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001); *Chen v. Pioneer Oil, LLC*, 472 F. Supp. 3d 704, 710 (N.D. Cal. 2020). A "strong inference of forum-shopping" should arise from Plaintiff's "assertions of personal jurisdiction and venue based on plainly untenable arguments, where it is clear that [moving Defendants] have only the most attenuated contacts with this forum and this forum has only the most attenuated relationship to the conduct giving rise" to Plaintiff's claim. *Gro Master, Inc. v. Farmweld, Inc*., 920 F.Supp.2d 974, 991 (N.D. Iowa 2013). Plaintiff implicitly acknowledged that the Nevada District Court is the proper venue for Plaintiff's current action, when she affirmatively sought relief in the Nevada District Court in the 2018 Nevada Federal Case (challenging the pending foreclosure of the Lyon County, Nevada property and the standing of Chase to foreclose). Unhappy with the Nevada District Court decision, she has now brought the current action in this Court. In this context,



MOTION OF DEFENDANTS LARSEN AND SMITH, LARSEN & WIXOM TO TRANSFER OR DISMISS

1  Plaintiff's allegation of why venue is proper in the Northern District of California is so

2  unmeritorious that this factor also strongly supports transfer.

3       "The convenience of witnesses is often the most important factor considered by the court

4  when deciding a motion to transfer for convenience." *Hawkins v. Gerber Prods. Co.*, 924

5  F.Supp.2d 1208, 1215 (S.D. Cal. 2013). Here, except for Plaintiff and perhaps her husband, all of

6  the witnesses to the alleged fraud on the Nevada District Court are believed to either reside and/or

7  conduct business in Nevada. (Larsen Declaration, ¶ 32.) There are no known significant

8  differences between the Northern District of California and the District of Nevada in either the

9  cost of litigation or the availability of process to compel attendance of unwilling non-party

10  witnesses. But the ease of access to sources of proof favors Nevada. Considering all of the

11  factors, if for any reason the Court decides that mandatory transfer under section 1406 is not

12  required, discretionary transfer to Nevada pursuant to section 1404 would be appropriate.

13       **D. <u>Case Must be Dismissed for Lack of Personal Jurisdiction if No Transfer</u>**

14       "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears

15  the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co.*

16  *v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "To make this prima facie showing, a plaintiff can

17  rely on the allegations in its complaint, to the extent that the moving party does not controvert

18  those allegations." *Tatung Co. v. Shu Tze Hsu,* 43 F. Supp. 3d 1036, 1047-48 (C.D. Cal. 2014),

19  citing *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). "If the defendant adduces

20  evidence controverting the allegations, however, the plaintiff must 'come forward with facts, by

21  affidavit or otherwise, supporting personal jurisdiction.'" *Id*. (quoting *Scott v. Breeland*, 792 F.2d

22  925, 927 (9th Cir. 1986).

23       "Personal jurisdiction over each defendant must be analyzed separately." *Harris Rutsky &*

24  *Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003). Personal jurisdiction

25  may be either general or specific. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d

26  597, 602 (9th Cir. 2018). General jurisdiction is "all-purpose jurisdiction." *Goodyear Dunlop*

27  *Tires Op., S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction is "case-linked

28  jurisdiction." *Id*. The Court cannot exercise either general or specific jurisdiction over the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

moving Defendants in this action in the Northern District of California.

General jurisdiction "permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). "Because the assertion of judicial authority over a defendant is much broader in the case of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an 'exacting standard' for the minimum contacts required." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015), quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011).

A court may assert general jurisdiction over a foreign corporation "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014), quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "The 'paradigm' forums in which a corporate defendant is 'at home' are the corporation's place of incorporation and its principal place of business." *DelphixCorp. v. Embarcadero Techs., Inc.*, 749 Fed. App'x 502, 505 (9th Cir. 2018), quoting *Daimler*, supra, 571 U.S. at 137. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).

Smith Larsen & Wixom is a Nevada corporation with its office in Nevada, and no significant contacts with California; there is absolutely no basis for general jurisdiction over it in California. (Larsen Declaration, ¶ 4, 5, 6, 7, 8, 9, 10, 11.) Likewise, the infrequent and brief contacts of Attorney Larsen with California are insufficient to support the exercise of general jurisdiction over him in California. (Larsen Declaration, ¶ 9, 10, 11, 12, 13, 14, 15, 16, 17.)

Where there is no basis for the exercise of general jurisdiction, "a court may still exercise specific jurisdiction if the defendant has sufficient contacts with the forum state **in relation to the cause of action**." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (emphasis added). Specific jurisdiction is analyzed using a three-prong test: "First, '[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of

MOTION OF DEFENDANTS LARSEN AND SMITH, LARSEN & WIXOM TO TRANSFER OR DISMISS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

conducting activities in the forum, thereby invoking the benefits and protections of its laws." Second, "the claim must arise out of or relate to the defendant's forum-related activities." Finally, "the exercise of jurisdiction must be reasonable." *Global Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020). "The plaintiff must satisfy the first two prongs of this test." *Id.* Plaintiff's complaint adduces no facts that come anywhere close to satisfying the required elements of specific jurisdiction over either Smith Larsen & Wixom or Attorney Larsen.

Claims "arise out of" forum contacts only if those contacts are a "but for" cause of the claims. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1151 (9th Cir. 2017). "Unlike general jurisdiction, specific jurisdiction is tethered to a relationship between the forum and the claim." *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007). That relationship is nonexistent here. "Without allegations connecting [moving Defendants'] alleged negligence to its forum-related activities, plaintiffs have failed to demonstrate the 'direct nexus' required to support specific jurisdiction." *Sia v. Berhad*, No. C16-1692 TSZ, 2017 U.S. Dist. LEXIS 60569, 2017 WL 1408172, *4 (W.D. Wash. Apr. 20, 2017).

**E. Dismissal Also Appropriate for Failure to State a Claim**

**1. Motion to Dismiss Standard**

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *Conservation Force v. Salazar,* 646 F.3d 1240, 1241-42 (9th Cir. 2011); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). While 'detailed factual allegations' are not required, a complaint must have sufficient factual allegations to state a claim that is 'plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Id.* (citing *Twombly*, 550 U.S. at 556). To survive a Rule 12(b)(6) motion, a complaint must allege 'more than a sheer possibility that a defendant has acted unlawfully.' *Id.* The

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4826-8979-6596.1                                    12                    Case No. 4:21-CV-04266-PJH
MOTION OF DEFENDANTS LARSEN AND SMITH, LARSEN & WIXOM TO TRANSFER OR DISMISS

1  determination whether that standard has been met is specific to the context in which the question

2  is presented, and requires the court 'to draw on its judicial experience and common sense.' *Id.* at

3  679.

4  Additionally, fraud claims are subject to a higher standard and the circumstances

5  constituting fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). 'To satisfy Rule 9(b), a

6  pleading must identify the who, what, when, where, and how of the misconduct charged, as well

7  as what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'

8  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal

9  quotation marks omitted). '[T]he circumstances constituting the alleged fraud [must] be specific

10  enough to give defendants notice of the particular misconduct . . . so that they can defend against

11  the charge and not just deny that they have done anything wrong.' *Vess v. Ciba-Geigy Corp.* 317

12  F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).

13  Dismissal under Rule 12(b)(6) may be based on either the 'lack of a cognizable legal

14  theory' or on 'the absence of sufficient facts alleged under a cognizable legal theory.' Id. at 1242

15  (internal quotation marks omitted). When an entire complaint is grounded in fraud and its

16  allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may

17  dismiss the complaint. *Vess*, supra, 317 F.3d at 1107. Dismissals under Rule 9(b) and Rule

18  12(b)(6) are treated in the same manner. Id. When evaluating such a motion, the court must accept

19  all material allegations in the complaint as true and construe them in the light most favorable to

20  the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017).

21  '[C]onclusory allegations of law and unwarranted inferences,' however, 'are insufficient to defeat

22  a motion to dismiss for failure to state a claim.' *Caviness v. Horizon Cmty. Learning Ctr., Inc.*,

23  590 F.3d 806, 812 (9th Cir. 2010).

## 2. <u>Case Must be Dismissed for Failure to State a Claim</u>

25  As ably argued by Chase in its pending motion to dismiss (Doc 5), Plaintiff has not alleged

26  facts sufficient to state a cause of action upon which relief can be granted.

### a. <u>Claim for equitable relief from judgment based on fraud on the court</u>

28  Plaintiff has already unsuccessfully sought relief from the judgment complained of in the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Nevada District Court that entered the judgment, under Rule 60 subdivision (b) and subdivision

2   (d). (Larsen Declaration, ¶ 25, 26.) The appeal from that order is still pending in the Ninth

3   Circuit. (Larsen Declaration, ¶ 27, 28.) Plaintiff alleges in this court that she is entitled to

4   equitable relief from that judgment under Rule 60 subdivision (d)(3), based on alleged fraud on

5   the court by an opponent, but she already made a substantially similar argument in the Nevada

6   Federal Case and should not be allowed to try again in this forum.

7       The seminal case in defining fraud on the court is *Hazel-Atlas Glass Co. v. Hartford-*

8   *Empire Co.*, 322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 125 (1944), in which the court noted that in the

9   case before it, "we find a deliberately planned and carefully executed scheme to defraud not only

10  the Patent Office but the Circuit Court of Appeals." (Cited with approval in *Toscano v.*

11  *Commissioner*, 441 F.2d 930, at 935 (9th Cir. 1971).) To pursue an independent action to set aside

12  a judgment, a plaintiff:

13          must show a recognized ground, such as fraud . . ., for equitable relief and that there is no
            other available or adequate remedy. It must also appear that the situation in which the party
14          seeking relief finds himself is not due to his own fault, neglect or carelessness. In this type
            of action, it is fundamental that equity will not grant relief if the complaining party "has, or
15          by exercising proper diligence would have had, an adequate remedy at law, or by
            proceedings in the original action * * * to open, vacate, modify, or otherwise obtain relief
16          against, the judgment." The granting of relief in this unusual type of proceeding lies largely
            within the discretion of the trial judge.
17

18  *Winfield Associates, Inc. v. Stonecipher*, 429 F.2d 1087, 1090 (10th Cir. 1970), cited with

19  approval and quoted in *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 71 (2nd Cir., 1990);

20  accord, *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.,* 117 F.3d 655, 662 (2d Cir. 1997).

21      An independent action under the savings clause in Rule 60(d) is available only to "prevent

22  *a grave miscarriage of justice.*" *United States v. Beggarly*, 524 U.S. 38, 46 (1998) (injustices

23  deemed "sufficiently gross to demand a departure from rigid adherence to the doctrine of res

24  judicata.") "It is fundamental that equity will not grant relief if the complaining party 'has, or by

25  exercising proper diligence would have had, an adequate remedy at law, or by proceeding in the

26  original action…to open, vacate, modify, or otherwise obtain relief against, the judgment.'"

27  *Cresswell v. Sullivan & Cromwell*, supra, 922 F.2d 60, 71 (2d Cir. 1990) (citing *Winfield Assoc.,*

28  *Inc. v. W.L. Stonecipher*, 429 F.2d 1087, 1090 (10th Cir. 1970).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Here, Plaintiff's complaint fails to plead sufficient facts to establish any of the foundational requirements for the equitable relief sought. As noted above, Plaintiff already filed a Rule 60(b) and 60(d) motion in the Nevada Federal Case, and the post-judgment motion filed in that case, and the pending appeal from the denial of that relief, constitute an adequate remedy at law. Therefore, under the holdings in *Cresswell*, supra and *Campaniello*, *supra*, because Plaintiff has an adequate remedy at law under Rule 60(b)(3) and (d) and has pursued it, she cannot now seek relief in equity.

Plaintiff has not properly pled a claim for fraud, as discussed in the next section. "The type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope that that which is sufficient for relief by timely motion." *Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir. 1988). As discussed below, Plaintiff fails to meet the pleading requirement for even common law fraud, let alone the more stringent criteria for the type of fraud necessary to sustain an independent action under the Rule 60(d) "savings clause." *See Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.,* 117 F.3d 655 at 663.

b. <u>Plaintiff's second claim for extrinsic/intrinsic fraud fails</u>

In support of her fraud claim, Plaintiff alleges, repeatedly, that both moving Defendants and Chase perpetrated a fraud on the court by creating, recording and submitting to the Nevada District Court an "Assignment of Deed of Trust" that allegedly was invalid for various reasons, and also submitted an expired Limited Power of Attorney as evidence. (Complaint, Doc 1, 2nd and 3rd unnumbered paragraphs in Preliminary Statement, at 2:12 - 3:7, ¶ 18, 23, 30, 31, 40, 42.) However, there are no allegations as to why the alleged defects in the evidence submitted in the Nevada Federal Case were not discovered and challenged in that action, as they could and should have been if there is any merit to the claims.

Those allegations also conveniently avoid the truth, which is that: (i) the April 2018 Assignment of Deed of Trust of which Plaintiff complains was a document of public record, recorded in the Official Records of the Lyon County, Nevada Recorder's Office, and was legally unnecessary under the federal statutory scheme pursuant to which Washington Mutual Bank was placed into receivership by the Federal Deposit Insurance Corporation and its assets sold to Chase;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  and, (ii) the Limited Power of Attorney of which Plaintiff complains was merely a document

2  attached to (and a part of) Chase's Proof of Claim filed on November 17, 2011, in Case No. 11-

3  49493, United States Bankruptcy Court, Northern District of California (*see* Claim 2-2 at pp. 27-

4  30), which was one of multiple bankruptcy cases filed by Leo Kramer, and the entire Proof of

5  Claim was an exhibit filed in support of Chase's Motion to Dismiss in the Nevada Federal

6  Case.  It was the acknowledgement of the Chase debt and security interest (evidenced by the

7  relevant deed of trust) by debtor Leo Kramer in these multiple bankruptcy filings which was a

8  determinative factor in the Nevada Federal Case decision(s) adverse to Audrey Kramer and Leo

9  Kramer.  **All of these facts have already been litigated in one way or another in the Nevada**

10  **Federal Case (and the appeals therefrom) identified in the moving Defendants' Notice of**

11  **Pendency of Action or Proceeding, and in the Larsen Declaration in Support of this motion**.

12      "Fraud upon the court" such as may warrant relief from judgment embraces only that

13  species of fraud which does, or attempts to, defile the court itself, or is fraud perpetrated by

14  officers of the court so that the judicial machinery cannot perform in the usual manner its impartial

15  task of adjudging cases.  *Kupferman v. Consolidated Research & Mfg. Corp.*, 53 F.R.D. 387

16  (S.D.N.Y. 1971), affirmed 459 F.2d 1072 (2d Cir. 1972). The phrase "fraud on the court," for

17  purposes of this rule relating to motions for relief from final judgment, is generally limited to

18  egregious conduct attacking judicial machinery itself, such as bribing a judge. *U.S. ex rel. Bonner*

19  *v. Warden, Stateville Correctional Center*, 78 F.R.D. 344 (N.D. Ill. 1978); accord, *Pumphrey v.*

20  *K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995).  There are no allegations of that

21  type of conduct here.

22      Plaintiff fails to allege conduct rising to the level of a "fraud upon the court" under the

23  savings clause in Rule 60(d). The Nevada Court examined the assignment of deed of trust and was

24  capable of determining the validity of the document. Moreover, the Nevada Court based its

25  dismissal of the Nevada Action on the doctrine of judicial estoppel. It was Plaintiff's own

26  admissions within the bankruptcy cases that prevented the Nevada Action from proceeding.

27  (Larsen Declaration, ¶ 21; please also see Chase's RJN, Ex. 3.)  There was certainly no

28  "egregious" conduct involved in the Nevada Action. Plaintiff is therefore not entitled to relief

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

from that judgment based on fraud.

       c.   <u>Plaintiff's third claim, for punitive damages, fails</u>

Plaintiff alleges she is entitled to punitive damages for the alleged fraud committed upon the court in the Nevada Federal Case. (Complaint, Doc 1, ¶ 46.) This claim fails because Plaintiff's claim for punitive damages is not an independent cause of action. *See Ismail v. County of Orange*, 917 F.Supp.26 1060, 1073 (C.D. Cal 2012).

## IV. <u>CONCLUSION</u>

Moving Defendants Kent F. Larsen and Smith Larsen & Wixom respectfully submit that in this case, venue is wrongly laid in the Northern District of California, and 28 U.S.C. section 1406 requires that the case either be dismissed or transferred, in the interest of justice, to the District of Nevada where venue would be proper under section 1391 (b)(2) and personal jurisdiction could properly be acquired over all of the Defendants. Alternatively, the Court could appropriately order a discretionary transfer under section 1404 for the convenience of the parties and witnesses. Unless the case is transferred, the Court should dismiss it under Rule 12 (b) (2) for lack of personal jurisdiction, or under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

DATED: August 9, 2021

                                 LEWIS BRISBOIS BISGAARD & SMITH LLP

                                 By:

                                   *Kendall A Layne*
                                 ALEX A. GRAFT
                                 KENDALL A. LAYNE
                                 Attorneys for Defendants Kent F. Larsen and
                                 Smith Larsen & Wixom, Chartered (incorrectly
                                 sued as Smith Larsen & Wixom)


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**CERTIFICATE OF SERVICE**
Audrey Kramer v. JPMorgan Chase Bank, et al.,
U.S. District Court, California Northern District (Oakland)

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 10, 2021, I served the following document(s):

NOTICE OF MOTION AND MOTION BY DEFENDANTS KENT F. LARSEN AND SMITH LARSEN & WIXOM, CHARTERED TO TRANSFER CASE TO DISTRICT OF NEVADA, OR DISMISS FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, OR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

I served the document on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Audrey Kramer
2364 Redwood Road
Hercules, CA 94547
Tel:510.708.9109
Email: audreykramer55@yahoo.com

Plaintiff, In Pro Per

Kristin Suzanne Webb
Bryan Cave LLP
3161 Michelson Drive, Suite 1500
Irvine, CA 92612
Tel: 949.223.7117
Email: webbk@bryancave.com

Attorney for Defendant JPMorgan Chase Bank, N.A.

The document was served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 10, 2021, at San Francisco, California.

*/s/ Dennille Harris*
Dennille Harris

