UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY E KRAMER,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>Defendants. | Case No. 21-cv-04266-PJH<br><br>**ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION AND DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 5, 12, 20, 21, 22 |

The court is in receipt of plaintiff Audrey Kramer's ("plaintiff") motion for leave to file a motion for reconsideration of this court's August 26, 2021 order. Dkt. 22 (corrected motion for reconsideration); Dkt. 21 (original motion for reconsideration). The court **GRANTS** plaintiff's request for leave to file her motion for reconsideration. The court has considered plaintiff's request for reconsideration. The court **DENIES** that request.

On August 26, 2021, the court issued an order granting in part and denying in part defendant JP Morgan Chase Bank N.A.'s ("Chase") motion to dismiss (Dkt. 5) and defendants Kent F. Larsen's and Smith Larsen & Wixom's (jointly, the "Larsen defendants") (Chase and the Larsen defendants, collectively "defendants") motion to transfer or, alternatively, dismiss (Dkt. 12). Dkt. 20. In that order, the court concluded that venue of this action is improper in this district. Id. at 4. The court then ordered this action transferred to the District of Nevada. Id. at 5.

In her corrected motion for reconsideration, plaintiff argues that, when ruling on defendants' motions, the court failed to consider material facts that she advanced in her oppositions to those motions. Dkt. 22 at 3. At core, plaintiff asserts that the court failed to acknowledge that defendants filed two supposedly fabricated documents in the United

States Bankruptcy Court for the Northern District of California (the "Northern District of California Bankruptcy Court"). Id. at 4-5. Those documents include a so-called (1) "limited power of attorney" and (2) "proof of claims." Id. at 5. Plaintiffs says that the District of Nevada "relied" on those documents when issuing its May 18, 2018 order dismissing with prejudice plaintiffs' complaint in Kramer v. JPMorgan Chase Bank, N.A., et. al., 18-cv-00001-MMD-WGC (D. Nev.) (the "District of Nevada Action"). Id. Plaintiff reasons that, because the above two documents were first filed in the Northern District of California Bankruptcy Court, venue for the instant action is proper in this district. Id.

The court continues to disagree. First, in its August 26, 2021 order, the court explained that the notice of assignment (the "assignment") filed with the District of Nevada formed the gravamen of plaintiff's fraud allegations. Dkt. 20 at 4. To support that finding, the court pinpointed paragraphs 18 and 23 in plaintiff's complaint. Id.

Those paragraphs allege that the assignment served as the key instrument in defendants' supposed fraud on the District of Nevada. In particular, at paragraph 18, plaintiff alleges that:

> On or about April 10, 2018, [defendants] . . . knowingly . . . falsified and fabricated an "Assignment of Deed of Trust" as evidence to obtain judgment in the United States District Court [for the District of Nevada] to conduct non-judicial foreclosure . . . Dkt. 1 (Compl.) ¶ 18.

At paragraph 23, plaintiff repeats that:

> On or about April 10, 2018 . . . [defendants] recorded fraudulent Assignment of Deed of Trust to induce the United States District Court [for the District of Nevada] to enter [judgment] [sic] in their favor . . . Id. ¶ 23.

Plaintiff reiterates the critical import of the assignment at various other paragraphs in her complaint. Comp. ¶¶ 19, 22, 30, 33-34, 40, 42. Given the complaint's insistence about the role of the assignment in the purported fraud on the District of Nevada, the court will not revisit its finding that the gravamen of plaintiff's fraud allegations occurred in Nevada.

Second, plaintiff does not specifically refer to the proof of claims in her complaint.

Thus, whether that document was filed in this district is immaterial to her claims in this action. While plaintiff does refer to the limited power of attorney in her complaint, Compare Dkt. 1-5 at 5-8 with Dkt. 22-1 at 68-71, she alleges only that that document was "expired." Compl. ¶ 18. Only now—when faced with transfer—does plaintiff claim that that document was not only expired but also fabricated in this district. Dkt. 22 at 8.

Third, and in any event, plaintiff alleges that defendants defrauded the ***District of Nevada*** to obtain a judgment in Chase's favor. The act of filing any fabricated documents to obtain that judgment occurred in the District of Nevada, ***regardless*** of whether any such fabricated documents were also filed in this district's bankruptcy court. On that basis alone, venue is separately inappropriate in this district. Moreover, plaintiff seeks to unwind a judgment that came from the District of Nevada. Compl., Prayer for Relief (i). This court lacks the authority to grant any such relief.

For the above reasons, the court **DENIES** plaintiff's operative corrected motion for reconsideration. Dkt. 22. This action is closed in this district. The court will not expend further resources on it. Any future filings will be summarily denied.

**IT IS SO ORDERED.**

Dated: August 30, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge